UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
                                            :
ARNOLD REED,                                :   Case No. 1:18-cv-707
                                            :
         Plaintiff,                         :
                                            :
vs.                                         :   OPINION & ORDER
                                            :   [Resolving Doc. 19]
PPG INDUSTRIES OHIO, INC.,                  :
                                            :
         Defendant.                         :
                                            :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this case, Plaintiff Arnold Reed alleges that Defendant PPG Industries Ohio, Inc. fired him because he was sick. Reed says his firing violated the Family Medical Leave Act and Ohio law. Defendant responds that it fired Plaintiff for being a lousy employee.

For the following reasons, the Court **GRANTS** Defendant's motion for summary judgment.

## I.   Background

With this lawsuit, the Plaintiff claims that Defendant PPG fired him because he used rights under the FMLA for a urinary tract condition.

Around 2014, Plaintiff's urethra collapsed.[1] As a result, he claims he is more likely to suffer urinary tract infections, which can turn into serious general infections.[2] Plaintiff alleges that vomiting and fever usually precede these infections, and typically need two to three days of hospitalization to resolve.[3] Plaintiff also suffers from hip dislocations[4] and

---

[1] Doc. 23 at 4.
[2] Reed Dep. Tr. at 117. The Court pauses to note that Plaintiff also describes frequent hip dislocations in his complaint. Doc. 1 at ¶ 12. However, it appears that none of his claims have anything to do with that condition.
[3] Reed Dep. Tr. at 117, 197.
[4] Doc. 1 at ¶ 12.

alcoholism.[5] However, his claims in this case center solely on his urinary tract condition.

Defendant PPG employed Plaintiff for thirty-one years.[6] Beginning in 2015, Plaintiff's employment took a turn for the worse. In April 2015, Plaintiff arrived at work after drinking alcohol.[7] And, over the next few years, Plaintiff continued to struggle with alcoholism, twice attending rehabilitation programs.[8] At the close of 2015, Plaintiff's year-end performance review rated him as "marginal" and indicated he "ha[d] been a low performer through the year."[9]

In 2016, Plaintiff incurred more unexcused absences.[10] These 2016 absences, caused Defendant PPG to give a October 17, 2016, written warning.[11] At the end of 2016, Plaintiff received another "marginal" performance review, which described more work errors.[12]

Then, in 2017, Plaintiff missed work on March 21, March 22, April 10, and April 11.[13] Plaintiff alleges his urinary tract condition caused these absences.[14] After these absences, Defendant PPG gave Plaintiff a May 2, 2017, written warning.[15] After receiving this written warning, Plaintiff then incurred two more unexcused absences in June 2017,[16] which led to a July "last chance" meeting.[17] On December 13, 2017, Plaintiff missed work again.[18] Near the same time, Plaintiff allegedly insubordinately refused a directed task.[19] Plaintiff denies

---

[5] Reed Dep. Tr. at 137–44.
[6] *Id.* at 40.
[7] *Id.* at 136–37.
[8] *Id.* at 137–44.
[9] Doc. 19-3 at 81–83.
[10] Reed Dep. Tr. at 166.
[11] Doc. 19-3 at 91.
[12] *Id.* at 86–90.
[13] *Id.* at 92.
[14] Doc. 23 at 6.
[15] Doc. 19-3 at 92.
[16] Technically, one of these "absences" occurred when Plaintiff left work early without authorization. Reed Dep. Tr. 66.
[17] Reed Dep. Tr. at 63–67.
[18] *Id.* at 193–94.
[19] Doc. 19-5 at ¶ 9.

this.[20] On December 18, 2017, Defendant fired Plaintiff, citing, among other things, his many absences.[21]

In March 2018, Plaintiff sued PPG.[22] He claims that Defendant fired him because of his urinary tract condition in violation of the Family Medical Leave Act ("FMLA") and Ohio law.[23] On September 4, 2018, Defendant moved for summary judgment on all claims.[24]

## II. Discussion

The Court grants summary judgment if the movant demonstrates that there is no genuine dispute of material fact and he is entitled to judgment as a matter of law.[25] A genuine issue of material fact exists if a reasonable jury could return a verdict for the non-moving party.[26] The Court views the evidence, and draws all reasonable inferences, in the light most favorable to the non-moving party.[27]

### A. Family Medical Leave Act Claim

The FMLA gives employees the right to unpaid medical leave for serious health conditions.[28] Plaintiff claims that the FMLA covered his urinary tract condition and that this urinary tract condition caused him to miss work five times in 2017. He argues that Defendant's decision to fire him—in part because of these absences—unlawfully interfered with his FMLA rights.

To survive summary judgment, Plaintiff must establish a *prima facie* case for FMLA

---

[20] Reed Dep. Tr. at 193.
[21] Doc. 19-5 at ¶ 11.
[22] Doc. 1.
[23] *Id.*
[24] Doc. 19. Plaintiff opposed. Doc. 23. Defendant replied. Doc. 25.
[25] Fed. R. Civ. P. 56(a).
[26] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[27] *See, e.g.*, *Rhinehart v. Scutt*, 894 F.3d 721, 735 (6th Cir. 2018).
[28] 29 U.S.C. § 2612(a)(1)(D).

interference.[29] This *prima facie* showing requires Plaintiff to show he gave Defendant notice of his intention to take FMLA leave.[30] Specifically, Plaintiff must give the Defendant information reasonably adequate to make clear to Defendant that Plaintiff was leaving work for a serious health condition covered by the FMLA.[31]

As an initial matter, the Court doubts that Plaintiff's urinary tract condition is a serious medical condition covered by the FMLA. In his deposition, Plaintiff Reed testified that his condition does not impact any of his life activities except when he is suffering from an outbreak of his condition.[32] Further, he approximated that his urinary tract condition has only flared up three times in the last four years.[33]

Additionally, it appears unlikely that the five claimed absences were due to his urinary tract condition. At his deposition, Plaintiff testified that, when his condition flares up, he usually requires two to three days of hospitalization, extensive antibiotics, and bloodwork.[34] And he stated further that "by the time [his condition] shows itself, [he's] in the hospital."[35] Yet, it does not appear that Plaintiff was hospitalized, received antibiotics, or had bloodwork completed for *any* of his five claimed absences.[36]

The Court need not resolve either of those issues, however, because Plaintiff failed to give the Defendant notice that he missed work due to his urinary tract condition.

First, Plaintiff claims a urinary tract condition caused his March 22, 2017 absence.[37]

---

[29] *Donald v. Sybra, Inc.*, 667 F.3d 757, 761 (6th Cir. 2012).
[30] *Id.*
[31] *Brenneman v. MedCentral Health Sys.*, 366 F.3d 412, 421 (6th Cir. 2004).
[32] Reed Dep. Tr. at 118–19.
[33] *Id.* at 118. Federal regulations define a serious chronic health condition as requiring at least two health care visits per year. 29 C.F.R. § 825.115(c)(1).
[34] *Id.* at 118–19.
[35] *Id.* at 117.
[36] *Id.* at 169 (Plaintiff testifying he does not recall if he missed work for medical reasons on March 22, March 23, April 10, or April 11; *Id.* at 194–95 (Plaintiff testifying that he never saw a doctor for his December 13, 2017, absence).
[37] Doc. 23 at 6.

However, he has offered no evidence in support of that argument. To the contrary, when asked on deposition whether he had missed work that day for medical reasons, Plaintiff testified that he could not recall.[38] Additionally, Plaintiff has offered no other evidence that he notified Defendant he was absent because of an FMLA-qualifying event, or even that he was sick.

Second, Plaintiff alleges his March 23, 2017 absence resulted from a urinary tract condition.[39] Defendant's records indicate that on March 23, 2017, Plaintiff complained of nausea and vomiting and then left work.[40] It is true that Plaintiff testified in his deposition that he frequently suffers from nausea and vomiting before the onset of the urinary tract condition.[41] However, Plaintiff has produced no evidence to indicate that Defendant knew this.[42] At deposition, Plaintiff testified that he does not recall whether he ever told his supervisors about his urinary tract condition.[43] And he gives no evidence specifically tying the March 23, 2017, nausea to his urinary tract condition.

Without prior notice that nausea and vomiting were symptoms of Plaintiff's urinary tract condition, there was no way for Defendant to know that Plaintiff was suffering from a FMLA covered serious medical condition.[44]

Third, Plaintiff also claims his urinary tract condition caused his April 10, 2017

---

[38] Reed Dep. Tr. at 169.
[39] Doc. 23 at 6.
[40] Doc. 23-6 at 90.
[41] Reed Dep. Tr. at 197.
[42] Plaintiff does allege, without support, that he "verbally notified PPG of [his] ongoing chronic condition following his urethral repair." Doc. 23 at 12. He does not, however, claim that he notified Defendant of the symptoms related to that condition.
[43] Reed Dep. Tr. at 120–21.
[44] *See Brenneman*, 366 F.3d at 429 (holding that an employee telling his employer that he had to miss work because he was having problems with his insulin pump was insufficient notice of an FMLA-qualifying event; 29 C.F.R. § 825.303(b) (noting that merely calling in sick is generally insufficient).

absence.[45] However, he offers no evidence to support this claim. And when asked at deposition whether he missed work on April 10, 2017, for medical reasons, he said he could not recall.[46] In fact, documentary evidence Plaintiff submitted indicates that he missed work that day for a "family emergency"—not for any urinary tract condition.[47] Further, Plaintiff shows no evidence that he notified Defendant he was absent on April 10, 2017, because of a serious medical condition.

Fourth, Plaintiff alleges his urinary tract condition caused his April 11, 2017, absence.[48] But Plaintiff again does not show that he notified Defendant that he was absent because of his condition.

Finally, Plaintiff missed work on December 13, 2017. It is unclear whether Plaintiff claims that this absence was because of his urinary tract condition. In his complaint, Plaintiff alleges his condition caused absences around April 2017, but never mentions December.[49] In his brief, Plaintiff states that, on December 13, he was feverous and nauseous, "symptoms that once again *suggest[ed]* an outbreak of [his] chronic health condition."[50] This falls short of an actual allegation that Plaintiff was then suffering from his urinary tract condition.

No matter. Even if Plaintiff is claiming his urinary tract condition caused his December 13, 2017 absence, he never told Defendant he was missing work for an FMLA-qualifying condition. That day, Plaintiff texted his supervisor and stated that he was sick

---

[45] Doc. 23 at 6.
[46] Reed Dep. Tr. at 169.
[47] Doc. 23-7 at 37.
[48] Doc 23 at 6.
[49] Doc. 1 at ¶ 16.
[50] Doc. 23 at 8.

and would not be coming in.[51] When asked for more information, he stated: "[i]f you have to know fever and throwing up."[52] But, as discussed *supra*, merely pointing to fever and vomiting was insufficient to provide Defendant with notice of an FMLA-qualifying event.[53]

In his brief, Plaintiff argues that—even if he failed to notify Defendant specifically for each absence—Defendant's medical department "had acquired actual knowledge of an FMLA qualifying event" when it obtained his medical records in November 2017.[54] This is apparently because the medical records mention that Plaintiff "has chronic issues with urinary tract infections."[55] This argument fails at several turns.

For one, Plaintiff was required to notify Defendant he was absent because of an FMLA-qualifying condition "as soon as practicable."[56] Certainly, Plaintiff's indirect disclosure of his urinary tract condition some seven months after he missed work would not count.

Second, the November 2017 medical records make only a tangential reference to chronic urinary tract infections in a document otherwise relating to Plaintiff's complaints of chest pain.[57]

Finally, the medical records only state that Plaintiff has chronic urinary tract infections. They do not show that vomiting, fever, or nausea are symptoms of these infections. They do not indicate that this a serious medical condition. And they do not show that this urinary tract condition caused Plaintiff's March and April 2017 absences.

---

[51] Doc. 19-3 at 99.
[52] *Id.*
[53] *See Brenneman,* 366 F.3d at 429; 29 C.F.R. § 825.303(b).
[54] Doc. 23 at 12.
[55] Doc. 23-6 at 94.
[56] 29 C.F.R. § 825.303(a).
[57] *Id.*

Case No. 1:18-cv-707
Gwin, J.

Defendant PPG's possession of Plaintiff's November 2017 medical records did not give adequate notice that Plaintiff's absences were due to a serious medical condition.

Independent of the above, Plaintiff claims that Defendant violated the FMLA by failing to provide him with notices of FMLA eligibility.[58] Federal law requires an employer to provide their employee with a notice of their FMLA eligibility after the employer "acquires knowledge that an employee's leave may be for an FMLA-qualifying reason."[59] However, as discussed *supra*, Defendant had not acquired such knowledge. Thus, its duty to provide Plaintiff an eligibility notice had not been triggered.

The Court grants summary judgment for Defendant on Plaintiff's FMLA claims.

### B. Ohio Disability Discrimination Claim

In his complaint, Plaintiff alleged that his urinary tract condition is a disability under Ohio law.[60] He further claimed that Defendant fired him because of this disability in violation of Ohio law.[61] That is, however, the last ink Plaintiff expends in service of that claim. In his opposition to summary judgment, he does not argue that he is disabled under Ohio law or that Defendant fired him for a disability.[62]

When a plaintiff fails to address a claim in response to a motion for summary judgment, the Plaintiff abandons the claim.[63] The Court grants summary judgment for Defendant on Plaintiff's claim for disability discrimination under Ohio law.

### C. Ohio Retaliation Claim

Plaintiff took paid medical leave on November 7–8, 2017, although he does not

---

[58] Doc. 23 at 14.
[59] 29 C.F.R. § 825.300(b)(1).
[60] Doc. 1 at ¶ 34.
[61] *Id.* at ¶ 40.
[62] Doc. 23.
[63] *Brown v. VHS of Mich., Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013).

recall why.[64] He claims that Defendant fired him, in part, because he took this medical leave and that his firing was unlawful retaliation under Ohio law.[65]

Ohio law prohibits any person from discriminating "against any other person because that person has *opposed any unlawful discriminatory practice*."[66] To establish a *prima facie* claim for retaliation, Plaintiff must demonstrate: (i) he was engaged in a protected activity, (ii) Defendant knew he was engaged in that activity, (iii) Defendant took an adverse employment action against Plaintiff, and (iv) there was a causal connection between the protected activity and adverse action.[67]

To begin, "taking medical leave does not constitute opposition to an unlawful discriminatory practice."[68] Thus, by the text of the statute, Plaintiff's allegations do not state a violation of Section 4112.02(I).

Moreover, Plaintiff has given no evidence to prove a causal link between his November medical leave and his December firing. Instead, he argues only that "the temporal proximity between [Plaintiff's] November 2017 request for leave and his termination [demonstrates] . . . a causal link."[69] Hardly. Temporal proximity alone is insufficient to survive summary judgment.[70]

Thus, the Court grants summary judgment for Defendant on Plaintiff's claim for retaliation under Ohio law.

---

[64] Reed Dep. Tr. at 104–05.
[65] Doc. 23 at 19.
[66] Ohio Rev. Code § 4112.02(A).
[67] *Greer-Burger v. Temesi*, 879 N.E.2d 174, 180 (Ohio 2007).
[68] *La Fond v. NetJets Inc.*, No. 2:17-cv-526, 2018 WL 4352776, *6 (S.D. Ohio Sep. 12, 2018).
[69] Doc. 23 at 19.
[70] *See Chandler v. Specialty Tires of Am. (Tenn.), Inc.*, 283 F.3d 818, 826 (6th Cir. 2002).

Case No. 1:18-cv-707
Gwin, J.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion for summary judgment on all claims.

IT IS SO ORDERED.


Dated: November 21, 2018          *s/     James S. Gwin*
                                                           JAMES S. GWIN
                                                           UNITED STATES DISTRICT JUDGE